**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Valero Marketing and Supply Company,<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | § | C. A. No. 4:25-cv-6311 |
| Bunker One (USA) Inc.,<br>*Defendant.* | §<br>§<br>§<br>§ | |

**PLAINTIFF VALERO MARKETING AND SUPPLY COMPANY'S ORIGINAL COMPLAINT**

Valero Marketing and Supply Company ("Valero"), through its attorneys, Blank Rome LLP, brings this Original Complaint against Defendant Bunker One (USA) Inc. ("Defendant") and alleges upon information and belief as follows:

## I. Jurisdiction and Venue

**1.** This is a case of admiralty and maritime jurisdiction under 28 U.S.C. §1333 and an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h).

**2.** Venue is proper pursuant to 28 U.S.C. § 1391.

## II. The Parties

**3.** Plaintiff Valero is a Delaware Company with its principal place of business in San Antonio, Texas.

**4.** Defendant Bunker One is upon information and belief a business entity with its principal place of business in Houston, Texas.

## III. Factual Background

**5.** Valero is, among other things, engaged in the business of buying, selling and transporting petroleum products via ocean carriage.

**6.** During the period January through May 2024, Valero and Defendant entered into six contracts of sale ("Contracts") for the purchase by Defendant of pitch, a petroleum product, from Valero. See Exhibits (1)-(6) hereto. The Contracts incorporate by reference Valero Marketing and Supply Company General Terms and Conditions for Petroleum Product Purchases and Sales 2023 Edition ("Valero GTCs") and calculate laytime and demurrage per the Valero GTCs.

**7.** Each Contract called for the payment by Defendant of demurrage for time spent unloading the cargo beyond laytime (the amount of time permitted to the Defendant to unload the vessel without charge). See Valero GTCs Section 5.12(a), Demurrage.

**8.** Valero transported the product by barge to Buyer's designated terminal in New Orleans, Louisiana, and incurred demurrage in each case.

**9.** Valero timely presented its demurrage claims relating to the Contracts to Defendant, which Defendant has refused to pay.

**10.** Valero GTCs Article 21, Choice of Law; Jurisdiction, provides for sole jurisdiction to adjudicate any claims between the parties in the state or federal courts having jurisdiction in Harris County, Texas.

## IV. Cause of Action – Breach of Contract

**11.** Valero repeats and reasserts each and every allegation set forth above in Paragraphs

1 through 10 as if fully set forth herein.

**12.** Valero performed all of the obligations required of it under the Contracts at issue between Valero and Defendant.

**13.** No basis exists to deny Valero demurrage claims.

**14.** Valero incurred demurrage delays at the discharge port with respect to all six Contracts for which Defendant is liable but has refused to pay after payment has been duly timely and duly demanded. The principal amount due and owing is $389,197.60[1], set out as below:

| CUSTOMER | STATUS | ANALYST | Mode | INVOICE | OPEN_AMOUNT | CURRENCY | TRANS_DATE | TRANSPORT | SCHEDULER | CONTRACT # |
|---|---|---|---|---|---|---|---|---|---|---|
| BUNKER (ONE) USA INC | OPEN | AG (TE) | BARGE | 2663396 | $ 4,143.00 | USD | 1/22/2024 | KIRBY 27732, KIRBY 27733 | NELSON JONES | 7330500 |
| BUNKER (ONE) USA INC | OPEN | AG (AB) | BARGE | 2676342 | $ 102,163.20 | USD | 2/19/2024 | WEB 264, WEB 267 | NELSON JONES | 7359080 |
| BUNKER (ONE) USA INC | OPEN | AG (TE) | BARGE | 2680047 | $ 79,396.80 | USD | 3/2/2024 | WEB 264, WEB 267 | NELSON JONES | 7423245 |
| BUNKER (ONE) USA INC | OPEN | AG (TE) | BARGE | 2687146 | $ 46,867.20 | USD | 3/16/2024 | WEB 264, WEB 267 | NELSON JONES | 7469766 |
| BUNKER (ONE) USA INC | OPEN | AG (AB) | BARGE | 2695979 | $ 57,902.40 | USD | 3/30/2024 | WEB 264, WEB 267 | NELSON JONES | 7514148 |
| BUNKER (ONE) USA INC | OPEN | AG (AB) | BARGE | 2700711 | $ 98,725.00 | USD | 4/6/2024 | MM 324, MM 322 | NELSON JONES | 7533960 |

**15.** The foregoing acts or failures to act by Defendant have proximately caused damages and losses to Valero. Valero hereby seeks recovery of all damages, costs, expenses, interest, and attorneys' fees that have been or may be incurred as a result of Defendant's contractual breaches and Valero's collection efforts as permitted by the Contracts.

## PRAYER

**WHEREFORE**, the premises considered, Valero Marketing and Supply Company requests that the Court enter an order or judgment finding:

**(1)** ***On Valero's Original Complaint Against Defendant*:** That judgment be entered in favor of Valero on its original complaint against Defendant Bunker One and award damages to Valero in the amount of $389,197.60, plus pre-judgment interest, costs and

[1] The contract number associated with Invoice 2663396 in the amount of $4,143, should be Contract #7300500 as indicated in Exhibit 1.

attorney's fees, and for such other and further relief as equity and justice of the cause may require and permit.

Houston, Texas

December 29, 2025

Respectfully submitted,

BLANK ROME LLP

*/s/ Keith B. Letourneau*

Keith B. Letourneau (Attorney-in-charge)
State Bar No. 00795893
Federal I.D. No. 20041
717 Texas Avenue, Suite 1400
Houston, Texas 77002
Telephone: (713) 228-6601
Facsimile: (713) 228-6605
kletourneau@blankrome.com

*Attorneys for Valero Marketing and Supply Company*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel of record via U.S. Mail on this 29th day of December 2025:

Dimitri Georgantis, Esq.
Royston Rayzor
1415 Louisiana Street #4200
Houston, TX 77002

*/s/ Keith B. Letourneau*
Keith B. Letourneau



141517.06535/122012130v.1