| | | |
|---|---|---|
| VALERO MARKETING AND SUPPLY COMPANY, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | C.A. No. 4:25-cv-6311 |
| | § | |
| BUNKER ONE (USA), INC. | § | |
| *Defendant.* | § | |

## BUNKER ONE (USA), INC.'S MOTION TO DISMISS

COMES NOW, Bunker One (USA), Inc. ("Bunker One"), by its attorneys ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP, and files this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim under which relief can be granted and would respectfully show as follows:

### I.
### INTRODUCTION

The underlying dispute giving rise to the instant litigation relates to agreements between Plaintiff Valero Market and Supply Company's ("Valero") and Defendant Bunker One for the sale of petroleum products from Valero to Bunker One.

Valero's own General Terms and Conditions ("GTCs")—which Valero alleges govern the parties' contracts—contain a one-year contractual limitations period. Valero filed this suit nearly two years after the earliest alleged delivery and more than twenty months after the latest. Every claim in this case is time-barred under the terms of Valero's own contract.

### II.
### FACTUAL BACKGROUND

According to the Complaint, Valero and Bunker One entered into six contracts for the sale and delivery of petroleum pitch by barge to the New Orleans, Louisiana area between January and

May 2024. Doc.1 ¶¶ 6–11. Valero alleges that the parties' agreements incorporated Valero's 2023 General Terms and Conditions. Doc. 1 ¶ 6. The six contracts involved deliveries on or about the following dates:

- Contract 1: delivered on or about January 22, 2024;

- Contract 2: delivered on or about February 19, 2024;

- Contract 3: delivered on or about March 2, 2024;

- Contract 4: delivered on or about March 16, 2024;

- Contract 5: delivered on or about March 30, 2024;

- Contract 6: delivered on or about April 6, 2024.

*See generally* Doc. 1 ¶ 14. Valero alleges it "timely presented" demurrage claims to Bunker One and that Bunker One refused to pay. *Id*. But Valero did not file this lawsuit until December 29, 2025—nearly two years after the first delivery and more than twenty months after the last.

### III.
### LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, dismissal is proper where the allegations in the complaint, taken as true, establish an affirmative defense such as the statute of limitations. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred…").

**IV.**

**ARGUMENT**

**A.      Valero's Own GTCs Impose a One-Year Limitations Period.**

Valero's Complaint alleges that the parties' contracts incorporated Valero's 2023 General Terms and Conditions (attached hereto as **Exhibit 1**). Doc. 1 ¶. Article 22 of those GTCs provides:

> [A]ny actions to enforce any rights or obligations under the Agreement must be filed in court against the other Party no later than one (1) year after the date on which the alleged breach of the Agreement occurred failing which, to the fullest extent permitted under Applicable Law, they will be time barred.

**Exhibit 1** at 81. This contractual limitations provision is enforceable under Texas law. The Texas Uniform Commercial Code expressly permits parties to a contract for the sale of goods to "reduce the period of limitation to not less than one year." TEX. BUS. & COM. CODE § 2.725(a). The Texas Uniform Commercial Code similarly provides that "[a] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." TEX. BUS. & COM. CODE § 2.725(b).

Valero may point to TEX. CIV. PRAC. & REM. CODE § 16.070 for the proposition that a contract "that establishes a limitations period that is shorter than two years is void in this state." But under the Code Construction Act, specific statutes like UCC Section 2.725(a) prevail over general statutes like Section 16.070(a), and the legislature did not manifest any intention that courts hold otherwise. *Harris County Appraisal Dist. v. Texas Workforce Comm'n*, 519 S.W.3d 113, 122 (Tex. 2017); TEX. GOV'T CODE 311.026(b). To the contrary, specific UCC provisions displace contrary laws. *See Glenn Thurman, Inc. v. Moore Constr., Inc.*, 942 S.W.2d 768, 771 (Tex. App.—Tyler 1997, no writ).

Accordingly, Valero's GTCs simply adopt a well-established UCC right by reducing the limitations period to twelve months. Valero waited much longer than a year to commence this action against Bunker One, and this is fatal to its claims.

**V.**

**CONCLUSION**

For the foregoing reasons, Defendant Bunker One (USA) Inc. respectfully requests that the Court grant this Motion and dismiss Valero Marketing and Supply Company's Complaint with prejudice. Bunker One further requests all other relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

By: /s/ Dimitri P. Georgantas
  Dimitri P. Georgantas
  Texas State Bar No. 07805100
  Federal I.D. No. 2805
  Blake E. Bachtel
  Texas State Bar No. 24116055
  Federal I.D. No. 3479533
  ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP
  1600 Smith Street, Suite 5000
  Houston, Texas 77002-7380
  Telephone: (713) 224-8380
  Facsimile: (713) 225-9545
  dimitri.georgantas@roystonlaw.com
  blake.bachtel@roystonlaw.com

**ATTORNEYS FOR DEFENDANT
BUNKER ONE (USA) INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of March 2026, I served a true and correct copy of the foregoing pursuant to Rule 5 of the Federal Rules of Civil Procedure, via the CM/ECF system, which will automatically serve a notice of electronic filing, and/or electronic mail and/or by depositing in the United States Mail, postage prepaid and properly addressed to all known counsel of record.

/s/ Dimitri P. Georgantas
Dimitri P. Georgantas