**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Valero Marketing and Supply Company, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | C. A. No. 4:25-cv-06311 |
| | § | |
| Bunker One (USA) Inc., | § | |
| *Defendant.* | § | |
| | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION**
**TO DEFENDANT'S MOTION TO DISMISS**

Valero Marketing and Supply Company ("Valero"), by and through its attorneys, Blank Rome LLP, responds as follows to Defendant Bunker One (USA) Inc.'s ("Bunker One") Rule 12(b)(6) Motion to Dismiss for failure to state a claim.

Briefly, the *precise* one-year contractual limitations period to which Bunker One points as barring Valero's claims is void under controlling Texas law, which provides that the minimum permissible limitation period is "one year and one day" for suit to be brought from the date of accrual. Because the precise one-year contractual limitation period is void under Texas law, the standard four-year limitations period under Texas Business and Commerce Code § 2.725(a) applies, and Valero's claims are timely.

In further support thereof, Valero would respectfully show as follows:

**BACKGROUND**

The underlying dispute between Valero and Bunker One involves the alleged non-payment of demurrage charges incurred by Bunker One in the first half of 2024 for the sale of multiple

141517.06535/122012130v.1

cargos of pitch (a petroleum product).   In total, Bunker One owes the principal amount of $389,197.60 for charges due under six separate contracts.  Valero filed this lawsuit against Bunker One on December 29, 2025 (i.e., not quite two years after the earliest delivery of cargo for which Bunker One failed to pay all demurrage charges due and owing).

Bunker One filed its Motion to Dismiss on March 23, 2026.  Notably, Bunker One does not deny that it owes Valero the demurrage charges at issue.  Instead, Bunker One relies solely on a technical, contractual limitations defense to avoid paying what it owes to Valero.

As Bunker One correctly notes in its motion, the contracts at issue incorporate by reference Valero's General Terms and Conditions for Petroleum Product Purchases and Sales 2023 Edition ("Valero GTCs").   Bunker One's present motion to dismiss hinges entirely on the following language from those GTCs:

> [A]ny actions to enforce any rights or obligations under the Agreement must be filed in court against the other Party no later than one (1) year after the date on which the alleged breach of the Agreement occurred failing which, to the fullest extent permitted under Applicable Law, they will be time barred.

See Dkt. 6-1 at p. 81.

Unfortunately for Bunker One, it cannot avoid its debt to Valero for the outstanding demurrage – the foregoing contractual limitation language runs afoul of how courts have interpreted Texas's laws on limitation periods, which effectively require that the minimum time in which to bring suit cannot be less than a certain number of years (typically, one or two years), **plus one additional day**.  If the limitation period at issue does not provide for this one additional day, then the limitation period is void, and the state's typical default statute of limitation controls.  Here,

2

that is the four-year period in which to bring breach of contract claims.  Valero's claims are timely, and Bunker One's motion to dismiss must be denied.

## ARGUMENT AND AUTHORITY

Preliminary, Valero must advise the Court that it located a relatively recent decision out of the District of Oregon that, surprisingly, considered the application of the exact same Texas statutes implicated in this action to determine whether a similar one-year contractual limitation provision was valid or void.  Valero has attached that case, *Suk v. JM Bullion, Inc.*, 635 F. Supp. 3d 1104 (D. Or. 2022),[1] as an exhibit for the Court's easy reference.  While noting that the case is merely persuasive, and not controlling on this Court, Valero respectfully submits that the legal reasoning reflected in the *Suk* case is on point and, as was the case in *Suk*, this Court should also find that "the one-year contractual limitations period in [the applicable] terms and conditions is void, the four-year statute of limitations under Texas Business and Commerce Code § 2.725(a) applies here, and Plaintiff's claim is timely."  *Suk*, 635 F. Supp. 3d at 1116.  Still, rather than simply direct this Court to the *Suk* decision, Valero also sets out its own arguments as per the below.

---

[1]    The *Suk* case involved the purchase of gold bars from an online seller whose website's terms and conditions called for the application of Texas law.  The gold was sent via the U.S. Postal Service but was apparently stolen by an unknown third party while at a post office.   When the seller refused to reimburse the purchaser, the purchaser filed suit for breach of contract. The seller's primary defense was that its website's terms and conditions contained the following contractual limitation clause:  "*You acknowledge and agree that, regardless of any statute or law to the contrary, any claim or cause of action you may have arising out of, relating to, or connected with your use of the Website, must be filed within one calendar year after such claim or cause of action arises, or forever be barred...*".  Based on this provision, the seller (like Bunker One in this case) argued that the buyer's suit was time barred – suit purportedly should have been filed within one year, but suit was not actually filed until roughly three years after the transaction and non-delivery of the gold.

3

### A.    The Rule 12(b)(6) Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556).

The standard for dismissing claims at the motion to dismiss stage on the basis of the statute of limitations is high. See *Vela v. Compton*, No. 24-40302, 2024 WL 4891786, at *2 (5th Cir. Nov. 26, 2024) ("Rule 12(b)(6) dismissal under a statute of limitations is proper only when the complaint makes plain that the claim is time barred and raises no basis for tolling.").

### B.    Texas Law Voids Contract Terms that Reduce Limitations Periods to Less than Two Years

Bunker One's motion to dismiss relies upon the one-year limit on filing claims contained in the Valero GTCs. Under Texas law, parties to a contract may shorten the default four-year limitations period for filing contract claims, ***but not below two years***. See Tex. Civ. Prac. & Rem. Code § 16.070(a). Any term violating this law is void. *Id*.

Specifically, § 16.070(a) provides that "a person may not enter a stipulation, contract, or agreement that purports to limit the time in which to bring suit on the stipulation, contract, or agreement to a period shorter than two years." *Id*. "A stipulation, contract, or agreement that establishes a limitations period that is shorter than two years is void in this state." *Id*.

141517.06535/122012130v.1

> As a general rule, the statute of limitations for a breach of contract action is four years from the day the cause of action accrues.  See Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West 2008); *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002).  Parties may contract for a different period of time in which a party may file a breach of contract action.  See *Jett v. Truck Ins. Exch.*, 952 S.W.2d 108, 109 (Tex. App.—Texarkana 1997, no writ).  However, section 16.070(a) of the Texas Civil Practice and Remedies Code sets a statutory limit with respect to how short the period may be.

*Spicewood Summit Office Condo. Ass'n, Inc. v. Am. First Lloyd's Ins. Co*., 287 S.W.3d 461, 464 (Tex. App.—Austin 2009, pet. denied) (extending statute to contracts having the "practical effect" of providing a period in which to file suit that is less than two years).

Here, the Valero GTCs require all claims arising from the parties' agreement to be filed within exactly one year after the claim arose.  This term violates TEX. CIV. PRAC. & REM. CODE § 16.070(a)'s not-shorter-than-two-years limitation provision and is therefore void.[2]  Instead, the default four-year limitations period applies, which Valero has met in filing this instant lawsuit.

Bunker One incorrectly claims that *Glenn Thurman, Inc. v. Moore Constr., Inc*., 942 S.W.2d 768, 771 (Tex. App.—Tyler 1997, no writ), stands for the proposition that "specific UCC provisions displace contrary laws."  See Dkt. 6 at p. 3.  However, *Glenn Thurman* only stated that the UCC displaces "***common law***"—not conflicting statutes.  See 942 S.W.2d at 771.

Moreover, Valero would note that the one-year Texas UCC sale-of-goods limitation provision at TEX. BUS. & COM. CODE § 2.725(a) – which Bunker One argues controls and will be discussed in detail in the next section – was enacted in 1968.  In contrast, TEX. CIV. PRAC. & REM.

---

[2]    Valero acknowledges that this is an unusual situation, where it is arguing that the limitation provision set forth in its own terms and conditions violates Texas law, and is therefore void.  But that is the proper result based on the clear language of the relevant Texas statute, as interpreted by both Texas state courts and various federal courts.  Candidly, Valero was not aware that its one-year limitation provision is void by operation of Texas law until informed that was the case by its attorneys in this matter.

5

CODE § 16.070(a)'s two-year minimum contractual limitation provision was enacted in 1985. Noting that TEX. GOV'T CODE 311.026(b) provides that where there is an irreconcilable difference between general and special statutory provisions, "the special [] provision prevails as an exception to the general provision, *unless the general provision is the later enactment* and the manifest intent is that the general provision prevail." (Emphasis added.) Here, the "void if less than two-year" limitation provision at § 16.070(a) was enacted nearly 20 years after Texas's enactment of its version of the UCC. The Texas UCC "not less than one-year" limitation for claims involving the sale of goods must be assumed to have been known to exist by the Texas legislature and is directly contrary to the language of § 2.725(a) as implemented in 1985. Accordingly, this later statute must be presumed to control.[3]

Because the default four-year limitations period will not expire until sometime in 2028, Valero's presently filed Complaint is timely.

**C.      Even if the Texas UCC Were to Apply, the Requirement that Claims Be Filed "Within" One-Year Violates Texas UCC § 2.725(a)**

Again, Texas has adopted the Uniform Commercial Code as part of its Business and Commerce Code. See generally TEX. BUS. & COM. CODE Title 1 ("Texas UCC"). Bunker One appears to assert that the parties' transaction was a sale of goods subject to Texas UCC Article 2, and that Texas UCC § 2.725(a) overrides TEX. CIV. PRAC. & REM. CODE § 16.070(a) and allows for filing limits as low as one year. Even if these assertions are correct, Valero's GTCs violated Texas UCC § 2.725(a) because the terms impose a filing requirement of less than one year.

---

[3]      Valero concedes that it has been unable to locate any Texas state or federal authority directly resolving the apparent conflict between the provision of 1968 TEX. BUS. & COM. CODE § 2.725(a) and 1985's TEX. CIV. PRAC. & REM. CODE § 16.070(a) in the subsequent 40+ years since the latter's enactment.

141517.06535/122012130v.1

Section 2.725(a) of the Texas UCC provides: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it." As such, the GTCs may not reduce Valero's filing limitation to less than one year.

In this case, Article 22 of the GTCs require that claims against Bunker One must be filed "no later than one (1) year after the date on which the alleged breach of the Agreement occurred" or the claims will be barred. Dkt. 6-1 at p. 81. In other words, the GTCs require that claims must be filed *within* a year of accrual (i.e., in order to be "no later than" a set time, the action must be done "within" that same time frame). See, e.g., *Kramek v. Stewart*, 648 S.W.2d 399, 401 (Tex. App. —San Antonio 1983) (noting terms "within," "not later than," "anytime before," and "before the expiration of" as all equivalent). But under Texas law, this language means that claims must be filed *before* the one-year mark.

In this regard, Texas courts routinely interpret a contractual requirement that suit be filed "within" a number of years after an event to mean the date that is one day short of that number of years. See *U.S. Fidelity and Guaranty Co. v. Eastern Hills Methodist Church*, 609 S.W.2d 298, 299–300 (Tex. App.—Fort Worth 1980, writ ref'd n.r.e.) (collecting cases).

Multiple Texas courts have explicitly held that contracts requiring suits to filed "within" two years "after" a breach violate the minimum claim limitation term now codified at TEX. CIV. PRAC. & REM. CODE § 16.070(a), and the contract limitation provision was therefore void. See, e.g., *Taylor v. National Life & Accident Ins. Co.*, 63 S.W.2d 1082 (Tex. App.—Amarillo 1933, writ dism'd) ("To prohibit the plaintiff from suit any time after two years from the date the right

7

of action accrued necessarily requires the suit to be filed ***before*** the expiration of two years or ***within*** that period.  So construing the stipulations, they conflict with the provisions of article 5545 … and are therefore void." (emphasis added)); *Commercial Casualty Ins. Co. v. Loper*, 104 S.W.2d 580, 581 (Tex. App.—Beaumont 1937) ("Plaintiff's contention is really grounded upon a provision of the policy, which provided, in substance, that' 'no action shall lie against the company to recover for any loss and/or expense covered by this policy unless said action is brought within two years after the occurrence causing the loss or damage.'  Such provision is in contravention of article 5545 ... and is, therefore, void."); *Shaw v. Universal Life & Acc. Ins. Co.*, 153 S.W.2d 203, 205 (Tex. App.—Dallas 1941) (concluding the general four-year limitation period controlled where contractual language required "suits to be filed within two years, in violation of Art. 5545").

In contrast, "provisions that limit the time within which to file a suit to two years ***and a day*** are valid and binding." *Jett v. Truck Ins. Exch.*, 952 S.W.2d 108, 109 (Tex. App.—Texarkana 1997, no writ) (emphasis added) (citing *Bazile v. Aetna Casualty and Surety Co.*, 784 S.W.2d 73, 74 (Tex. App.—Houston [14th Dist.] 1989, writ dism'd)).  See also *Davis v. Homeowners of Am. Ins. Co.*, No. 05-24-00035-CV, 2025 WL 1031926, at *4 (Tex. App.—Dallas Apr. 7, 2025) (no statutory violation for policy with two-years-and-one-day claim deadline); *Watson v. Allstate Texas Lloyd's*, 224 Fed. App'x. 335, 339 (5th Cir. 2007) (enforcing policy with "two years and one day" limitation period); *Willoughby v. Metro. Lloyds Ins. Co. of Texas*, 548 F. App'x 121, 122 n.1 (5th Cir. 2013) (citing *Jett* for proposition that "provisions that limit the time within which to file a suit to two years and a day are valid and binding.").

8

141517.06535/122012130v.1

Applying that same rationale above, for a limitations period in a contract subject to Texas UCC § 2.725(a) to be valid, the contractual limitations period for filing claims must be "within" no less than *one year and one day* of the day the cause of action has accrued. Here, because the limitations period clause in the GTCs is a day short of this requirement, the clause is unenforceable.

Without an enforceable reduction of the limitations period in the parties' contract, the default four-year limitation for filing actions under Texas UCC § 2.725(a) applies. Valero commenced this action within four years of the accrual of his claim, so its lawsuit is timely.

## CONCLUSION AND PRAYER

In sum, the precise one-year contractual limitation provision upon which Bunker One bases its motion to dismiss is invalid, whether due to being less than the two-year minimal limitation provision required by TEX. CIV. PRAC. & REM. CODE § 16.070(a), or because it falls one day short of the minimum period required under TEX. BUS. & COM. CODE § 2.725(a). Consequently, the default four-year period for breach of contract claims controls. Bunker One's motion to dismiss must be denied. Valero also requests all such other relief, at law or in equity, to which it may be justly entitled.

9

Houston, Texas

April 13, 2026

Respectfully submitted,

BLANK ROME LLP

*/s/ Keith B. Letourneau*
Keith B. Letourneau (Attorney-in-charge)
State Bar No. 00795893
Federal I.D. No. 20041
717 Texas Avenue, Suite 1400
Houston, Texas 77002
Telephone: (713) 228-6601
Facsimile: (713) 228-6605
kletourneau@blankrome.com

*Attorneys for Valero Marketing and Supply Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of April 2026, I served a true and correct copy of the foregoing pursuant to Rule 5 of the Federal Rules of Civil Procedure, via the CM/ECF system, which will automatically serve a notice of electronic filing all counsel of record.

*/s/ Keith B. Letourneau*
Keith B. Letourneau

10

141517.06535/122012130v.1