**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **VALERO MARKETING AND SUPPLY COMPANY,** | § § | |
| *Plaintiff*, | § § | |
| **v.** | § § | **C.A. No. 4:25-cv-6311** |
| | § | |
| **BUNKER ONE (USA), INC.** | § | |
| *Defendant.* | § | |

## BUNKER ONE (USA), INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW, Bunker One (USA), Inc. ("Bunker One"), by its attorneys ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP, and files this its Reply in Support of its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim under which relief can be granted and would respectfully show as follows:

### I.
### INTRODUCTION

Valero does not dispute that its own General Terms and Conditions ("GTCs") require suit to be filed "no later than one (1) year after the date on which the alleged breach of the Agreement occurred." Nor does Valero dispute that it filed this lawsuit well beyond that deadline. Instead, Valero—the drafter of its own GTCs—asks this Court to declare its own contract void. The Court should decline the invitation. Valero's argument has two parts, and both fail.

### II.
### ARGUMENT

*First*, Valero contends that TEX. CIV. PRAC. & REM. CODE § 16.070(a)'s two-year minimum overrides TEX. BUS. & COM. CODE § 2.725(a)'s express authorization of a one-year limitations period. But § 2.725(a) is the specific statute governing limitations for sale-of-goods contracts and § 16.070(a) is the general statute governing all contracts.

Under the Code Construction Act, the specific provision prevails "unless the general provision is the later enactment **and** the manifest intent is that the general provision prevail." TEX. GOV'T CODE § 311.026(b) (emphasis added). Both prongs must be met. Even assuming § 16.070(a) is the later enactment, there is zero evidence the Legislature intended to override § 2.725(a). It left § 2.725(a) untouched—and has left it untouched in the four decades since.

*Second*, Valero argues that the phrase "no later than one (1) year" provides one day less than a full year, rendering the clause void even under § 2.725(a). For this, Valero strings together a series of authorities.[1] But what Valero's brief does not acknowledge is that every one of these is an insurance case decided under § 16.070(a) or its predecessor Article 5545. Not one involves the sale of goods. Not one interprets § 2.725(a). The "and one day" gloss is a judicial construction of a different statute, with different language, in a different context. No Texas court has ever applied it to § 2.725(a).

The sole case to do so is *Suk v. JM Bullion, Inc.*, 635 F. Supp. 3d 1104 (D. Or. 2022)—a non-binding decision by an Oregon magistrate judge that has been criticized as "questionable" and "contrary to the non-Texas UCC cases." *See* Statute of limitations in sales contracts, 12 Tex. Prac., Texas Methods of Practice § 25:151. The Eighth Circuit reached the opposite result in *Shur-Value Stamps, Inc. v. Phillips Petroleum Co.*, 50 F.3d 592, 595 (8th Cir. 1995), applying Texas law and enforcing a provision requiring suit "within one year after the occurrence of the breach" and holding a one-year limitation "per se statutorily acceptable" under § 2.725(a). No "one year and one day" was required.

---

[1]     Doc. 8 at 7-8.

Notwithstanding the questionable analysis in the *JM Bullion* opinion, the terms and conditions in *JM Bullion* critically differ from Valero's terms and conditions, and this difference is dispositive even when employing the logic utilized by the *JM Bullion* court:

**JM Bullion:**

> 25. Resolution of Disputes and Governing Law; Waiver of Jury and Arbitration Agreement
>
> ....
>
> You acknowledge and agree that, regardless of any statute or law to the contrary, any claim or cause of action you may have arising out of, relating to, or connected with your use of the Website, must be filed ==***within***== **one calendar year** after such claim or cause of action arises, or forever be barred....
> ....
>
> 29. Statute of Limitations
>
> You agree that regardless of any statute or law to the contrary, any claim or cause of action arising out of [or] related to the agreement must be filed ==***within***== **one (1) year** after such claim or cause of action arose or be forever barred.[2]

**Valero:**

> Further, and without limiting any shorter time limitations set out in the Agreement with respect to specific matters (such as, but without limitation, time limits for submission of Demurrage claims and claims relating to quantity and/or quality), any actions to enforce any rights or obligations under the Agreement must be filed in court against the other Party ==***no later than***== **one (1) year** after the date on which the alleged breach of the Agreement occurred failing which, to the fullest extent permitted under Applicable Law, they will be time barred.[3]

The plaintiff in *JM Bullion* argued—and the magistrate judge apparently agreed—that JM Bullion's use of the word "within" in its terms and conditions limited the contractual time bar to a period of less than one year.[4] Accordingly, the magistrate judge concluded that, in conjunction with the use of the word "within", the JM Bullion terms and conditions needed to include language

---

[2]    *JM Bullion*, 635 F.Supp.3d at 1109 (emphases added).
[3]    Doc. 6-1 at 88-89 (emphases added).
[4]    *Id.* at 1110-1114.

providing for a contractual limitations period for suit "within one year and one day" to comply with the "not less than one year" restriction in § 2.725.[5] Valero's terms and conditions do not use the word "within", and, accordingly, the addition of "and one day" required by the magistrate judge in *JM Bullion* is not necessary to render Valero's one-year contractual time bar language (i.e., "no later than one (1) year") effective under Texas law (i.e., "not less than one year" under § 2.725). This critical distinction is dispositive—and mandates dismissal of Valero's claims—even if the Court were to utilize the questionable analysis employed in *JM Bullion*.

Finally, the Court should not overlook the posture of this argument. Article 22 appears in *Valero's* standard-form GTCs—drafted by Valero, for Valero's benefit, and imposed on counterparties across what are presumably numerous commercial relationships. The provision was apparently enforceable enough for Valero to include in its standard terms for years until Valero found itself on the wrong side of it.

The Motion to Dismiss should be granted and the Complaint dismissed with prejudice.

Respectfully submitted,

By: */s/ Dimitri P. Georgantas*
    Dimitri P. Georgantas
    Texas State Bar No. 07805100
    Federal I.D. No. 2805
    Blake E. Bachtel
    Texas State Bar No. 24116055
    Federal I.D. No. 3479533
    ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP
    1600 Smith Street, Suite 5000
    Houston, Texas 77002-7380
    Telephone: (713) 224-8380
    Facsimile:  (713) 225-9545
    dimitri.georgantas@roystonlaw.com
    blake.bachtel@roystonlaw.com

**ATTORNEYS FOR DEFENDANT**
**BUNKER ONE (USA) INC.**

---

[5]    *Id.* at 1114.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of April 2026, I served a true and correct copy of the foregoing pursuant to Rule 5 of the Federal Rules of Civil Procedure, via the CM/ECF system, which will automatically serve a notice of electronic filing, and/or electronic mail and/or by depositing in the United States Mail, postage prepaid and properly addressed to all known counsel of record.

*/s/ Dimitri P. Georgantas*
Dimitri P. Georgantas